JosÉ DE JESÚS, Petitioner, v. DISTRICT COURT OF SAN JUAN ET AL., Respondents.

No. 822. Argued April 7, 1932.—Decided May 13, 1932.

*Besosa & Besosa* for petitioner. *Leopoldo Feliú* for defendant in the main action. *Damián Monserrat, Jr.,* for plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

A reading of the petition for certiorari filed in the present case gave the impression that a procedural error had been committed, depriving the citizen of his rights in a drastic and unlawful manner, and the writ was issued. The questions involved having been clarified by the arguments and especially by the briefs filed by counsel for the parties, we have reached the conclusion that in accordance with the facts, the law, and the jurisprudence, the writ of certiorari sued out does not lie.

It is sought by petitioner herein to have this Court set aside a judgment rendered by the District Court of San Juan on March 10, 1932, granting the voluntary dismissal of an action of debt, and an order of the same date terminating a receivership decreed in the action; and further that the district court be ordered to determine an application or leave to intervene in the action by the petitioner. The petition for certiorari was filed in this Court on March 18, 1932.

The action in question was brought by the Banco Popular de Puerto Rico against Drug Company of Porto Rico to recover the sum of $21,000 as principal, represented by 12 promissory notes transcribed in the complaint, plus $137.34 as accrued and unpaid interest, and $2,000 for costs and attorney's fees.

The complaint was filed on January 2, 1932, and on the same day an attachment was sought and forthwith decreed. On January 4, the plaintiff applied by a new motion for the appointment of a receiver and stated that it filed the said motion "for itself and in behalf of such creditors as might desire to intervene in the proceedings." The defendant consented, and on January 8, the court appointed a receiver. The order is carefully worded and contains all the necessary

specific powers to enable the receiver "to continue the business established by the said defendant corporation, to manage and conduct the said corporation and any other undertaking or business in which the said corporation is engaged by virtue of any lease, contract, engagement, or otherwise, such as said Drug Company of Porto Rico has heretofore conducted and managed for its own benefit and interest."

At this stage, after the receiver had commenced to act, José de Jesús, the petitioner herein, applied on January 16, 1932, for leave to intervene in the action, on the following grounds:

"2. That the petitioner has an interest in the present litigation, as he has a contract of employment with the defendant and at the same time he is a large stockholder thereof as well as its creditor by virtue of certain profits which are pending liquidation.

"3. That the petitioner is interested in having the contract for services above referred to performed, and also that an investigation be made regarding the true and actual financial condition of the defendant as well as the origin of the claim filed by the plaintiff, and further that the amount of his credit be liquidated and settled."

In his complaint in intervention he set out the following:

"3. That on January 14, 1932, José de Jesús, the intervener, received a notice from Joaquín Beléndez, the receiver appointed in the present case, to the effect that he felt himself compelled to abolish as from that date the office that intervener had been filling and pursuant thereto he was enclosing check No. 20 against the Banco Popular de Puerto Rico drawn to his name for $64.40.

"4. That in accordance with a contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc., entered into on April 19, 1926, duly accepted and ratified on September 4, 1929, by the board of directors of the defendant, Drug Company of Porto Rico, Inc., and at a regular meeting of stockholders held on said date, the intervener, José de Jesús, having rendered his services as from the first above mentioned date to the defendant, Drug Company of Porto Rico, Inc., for which services he was to receive annually, under the said contract, the sum of $6,000, payable at the rate of $115.38 weekly, and in addition 43¾ per cent of the profits of the said defendant corporation, which profits the intervener thinks amount to $50,000.

"5. That the said contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc., has been effective as from the aforesaid date and still continues in force as the same has not been in any way altered, modified, or rescinded by the parties, and the intervener, José de Jesús, has performed and is faithfully performing each and every condition of the said contract.

"6. That the intervener, José de Jesús, is not aware of any ground or right relied on by Joaquín Beléndez, as receiver of the defendant, Drug Company of Porto Rico, Inc., for violating the said contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc., specifically averred in paragraph 4 of this complaint, and on the contrary, the intervener alleges that the said Beléndez, as receiver, is bound to comply with and faithfully perform the said contract in accordance with the order appointing him as receiver.

"7. That according to the claim asserted by the intervener against the defendant corporation, he is a creditor to the extent of 43¾ per cent of the profits made by the said defendant corporation during the years that it has been in existence, the liquidation of which credit the intervener timely requested at the end of each year throughout the life of the said defendant corporation, and said liquidation or liquidations have never been made.

"8. That in addition to the said contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc., entered into with the intervener, the latter is a stockholder of the defendant, owning common and preferred shares of stock of the total par value of $92,800 which sum was paid-in and invested in the said shares of stock solely by virtue and in consideration of the above alleged contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc.

"9. That the intervener is not aware of any authority vested in Leopoldo Feliú, attorney for the defendant Drug Company of Porto Rico, Inc., for giving his consent to the receivership and the appointment of a receiver sought by the plaintiff, Banco Popular de Puerto Rico, and disclaiming any intention to hinder such receivership but only with the purpose in mind of preserving each and every right, actual or prospective, of the intervener against each and every party to this litigation by reason of said receivership and appointment of a receiver, this intervener respectfully prays that there be shown to this Hon. Court and to the intervener any authority that the said Attorney Leopoldo Feliú has had or may have in the premises.

"10. That the intervener, José de Jesús, by virtue of said contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc., and as a stockholder and creditor for a large amount, is. interested in having his rights protected by the court and accordingly being allowed to intervene in any proceeding had for the appointment of each and every accountant that the court may appoint to fully investigate, with the intervention of the intervener, the accounts kept by defendant corporation from the time of its incorporation until the date of the appointment of the receiver, as well as the origin and the amount of the claim filed by the plaintiff, Banco Popular de Puerto Rico."

He prayed that there be entered "the proper orders and judgments"—

"1. Declaring the notice from the receiver of January 14, 1932, in violation of the said contract to be void and ineffective, and ordering the receiver, instead, to faithfully and fully perform said contract.

"2. Ordering Leopoldo Feliú, Esq., attorney for the defendant, Drug Company of Porto Rico, Inc., to show to the Hon. Court and to the intervener that he had been duly empowered by the defendant, Drug Company of Porto Rico, Inc., to consent to the receivership and to the appointment of the receiver.

"3. Allowing the intervener, José de Jesús, to intervene in the appointment of any accountant or accountants that might be appointed to investigate the financial condition of the defendant, Drug Company of Porto Rico, Inc., and the claim of the plaintiff, Banco Popular de Puerto Rico, as well as to intervene in such investigation.

"4. Ordering the Drug Company of Porto Rico, Inc., to deliver within a reasonable time to the intervener, José de Jesús, a liquidation of the business done and profits earned during each year, in accordance with the said contract.

"5. That in the event that this Hon. Court approve the act of the receiver in terminating and rescinding the contract for services, participation, and interest in the business of the defendant, Drug Company of Porto Rico, Inc., judgment be rendered in favor of the intervener, José de Jesús, directing the defendant, Drug Company of Porto Rico, Inc., to reimburse to said intervener, José de Jesús, the sum invested by him in the said shares of stock amounting to $92,800 plus the sum of $50,000 or more, as being resolved from a liquidation of the profits earned each year during the time that the said contract has been in force.

"6. Providing such other relief, legal or equitable, to which the intervener, José de Jesús, may be entitled."

Both the plaintiff and the defendant opposed the intervention sought. The court heard the arguments of counsel, admitted briefs, but it does not appear to have entered any final decision in the matter.

Meanwhile, the receiver continued to act as such until, on motion of the plaintiff bank to which the defendant consented, the judgment and the order mentioned at the beginning of this opinion were rendered, thereby terminating the litigation and receivership. The receiver filed his report on March 11, 1932, having delivered on the previous date the property of the defendant to its agents.

The motion to dismiss was based upon a compromise agreement reached between the plaintiff and the defendant regarding the claim of the former. One of the paragraphs of the motion reads textually as follows:

"This plaintiff further states that such agreement or settlement was entered into by the defendant and executed by it, with the approval of a majority of its creditors including the banks with claims against the defendant, and that the purpose of such settlement is the continuation of the business of the defendant under its management, in such manner and form as will make available the necessary financing for continuing business without interruption, it being stipulated in such agreement or settlement that the income of the defendant will be applied with preference to the payment of the claims of its creditors, and thereby the existence of the defendant as a live and productive enterprise will become established on a stable basis."

The grounds advanced by the petitioner for instituting this certiorari proceeding and for praying this Court to decree within such proceeding the nullities above referred to, are set forth by him in his application, as follows:

"1. Because the application for leave to intervene filed by your petitioner herein has never been decided.

"2. Because the intervention sought by your petitioner was neither granted nor refused at any time before the termination of the receivership in this case.

"3. Because the receivership in the present case was terminated without hearing or notifying your petitioner regarding the matter of intervention, his aforesaid petition to intervene, being still unreturned.

"4. Because your petitioner has been greatly injured by the failure of the lower court in the present case to adhere to the proper procedure, to the law, and to. the fundamental principles of equity, having tacitly 'tied the hands' of your petitioner by its refusal to pass upon his application for leave to intervene, and having moreover failed to grant such intervention to your petitioner, having restrained your petitioner by such receivership from enforcing his legal rights in a proper suit and from attaching property of the Drug Company of Porto Rico, Inc., in Puerto Rico, since said property was in *custodia legis.*"

Really, we can not understand why the district court failed to decide either way the petition for intervention. It had all the necessary information and enough time to render any decision that it might have deemed proper. Its hesitancy in devoting some hours of mental and conscientious effort to a solution of the problem has been the cause of the present appeal which involves, not hours, but days of work for counsel on both sides and for this Court. But the deficiency to which we have just adverted is not in . itself sufficient to warrant at this time and in the present special proceeding the decree of nullity sought.

In the first place, only in a really extraordinary case will a writ of certiorari be issued on the application of a person not a party to the record of the proceedings sought to be reviewed; and in the second place, as the intervention in the action as shown by the petitioner was refused, it was not necessary to serve him with a copy of the motion to dismiss, and judgment can be entered without hearing him or giving him an opportunity to be heard. It is true that there are exceptions, and that it has been held that a person who seeks to intervene can not be ignored, or eliminated by means of

a motion to dismiss, where the complaint in intervention shows clearly a right to intervene and to secure affirmative relief, or when the judgment would involve a special, immediate, and direct injury to his interests.

Is the case at bar included among those exceptions? Let us see.

The petitioner alleged that he was a stockholder of the defendant corporation. "As a general rule," says Corpus Juris, "a corporation can appear to defend litigation only in its corporate capacity, represented by its properly constituted officers. So when a suit is brought against a corporation, it is ordinarily within the discretion of the directors whether or not to defend. The fact that a person is a stockholder does not entitle him as of right to assume the defense of an action against the corporation, or to intervene in such action. It is only in exceptional cases that stockholders will be permitted to defend the suit on behalf of themselves as stockholders. A stockholder will be permitted to intervene for the purpose of defending an action against the corporation where there has been such a neglect or refusal on the part of the corporation or its officers to protect its interests that the court can clearly see that such action on the part of the stockholder is necessary to his protection; and where legal and equitable remedies are blended under the modern codes he may, under the proper conditions, appear and defend both at law and in equity. Thus where the directors, in breach of their trust, fail or refuse to make defense in the name of the corporation, stockholders will be permitted to do so; and where a suit by or against a corporation is conducted collusively, a court of equity will permit intervention by a stockholder to protect his rights and the rights of others similarly situated. Also where a board of directors asks dismissal of a pending suit instituted on behalf of the corporation by a former board, minority stockholders, at whose instance it was commenced and who desire its prosecution, should be given leave to file a supplemental bill setting up the facts and to

prosecute the suit as if it had been originally instituted by them as stockholders suing in the name and right of the company.'' 14 C.J. 929, par. 1447.

It is sufficient to bear in mind the averments of the complaint in intervention in order to conclude that the petitioner's case does not come within the exceptions. The decisions cited by him in support of the contrary proposition are carefully analyzed by the defendant corporation in its brief, and we agree that they are not entirely applicable. Not only is there a failure to allege a truly extraordinary case, but no showing is made that compliance had been had with the conditions precedent required by the jurisprudence and by good practice.

There was a complaint filed by a bank to recover certain liquidated amounts evidenced by promissory notes overdue and unpaid. No fact is alleged by the intervener to show that the claim of the bank was unfounded; none showing that the intervention of the stockholder was necessary to protect the interests of the company.

At the time of the filing of the complaint, the receiver had already been appointed and had begun to act. Among the measures taken by him was the abolition of the office held by the petitioner who was receiving, in addition to the income referred to in the complaint, a salary of $6,000 per annum, and the termination of a certain contract of lease of a piece of urban property at an annual rent of $5,500. The receivership apparently not only prevented the creditors of the defendant from proceeding against the latter and from attaching its property and perhaps forcing it into bankruptcy, but it also enabled the defendant, once the situation was thoroughly cleared up, to resume the conduct of its own business with the confidence of its creditors.

What has been said is sufficient to show that the complaint in intervention does not present an extraordinarily strong case in favor of an intervening stockholder. Let us see

whether such a case is shown with respect to his status as a creditor, also alleged by the petitioner.

In considering this aspect of the question, the fact should not be overlooked that the petitioner did not seek to intervene in the receivership proceeding but in the action. The petitioner had an expeditious way to protest, within the receivership, against the abolishment of his office. In order to do this it was not necessary that he should intervene as a party to the litigation. So we have before us a case where perhaps the creditor might have been allowed to intervene but in which no showing was made that such intervention was absolutely necessary to protect his rights. We can see from the record itself how the lessor, within the receivership, defended the contract of lease to which we have already referred and which was canceled by the receiver.

We have used the word ''perhaps'' in saying that the creditor might have been allowed to intervene, because we have not failed to consider the form of the allegation with respect to the contract on which the petitioner relies for enforcing his rights as a creditor. The defendant in its brief attacks ably and at length this allegation and maintains that it is insufficient. Nor have we failed to consider whether or not the relief sought by the intervener within the action warrants an intervention and whether or not the same could be granted in view of the character of the suit.

Such being the case, as the certiorari was sought after the judgment had been rendered and the receivership had been terminated and the property had been delivered to the defendant, we do not consider ourselves as justified in law— and even if we were we would not feel ourselves justified in exercising our discretion—to decree the nullities sought within the present certiorari proceeding, especially when the defendant makes the following acknowledgment stated in language which we textually copy from its brief, thus:

''As regards the claims of the petitioner, the action of the court clearly does not constitute *res judicata,* and he is absolutely at

liberty to proceed against the defendant and the plaintiff, should he really be entitled to claim anything on any ground; which right, if any, he could enforce more expeditiously by reason of the action taken by the defendant and by the plaintiff in relieving the receiver from all responsibilities, if any, in connection with his administration by the instrument, attached to the record, regarding his delivery to the defendant of its assets.''

By reason of all the foregoing, the writ issued must be discharged, the petition of certiorari denied, and the original record of the suit returned to the proper district court.

Mr. Justice Córdova Dávila took no part in the decision of this case.